UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY JOHNSON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER, Warden, ICC,<br><br>　　　　　　　Respondent. | Case No. 1:11-cv-00171-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court are two motions filed by Respondent that are ripe for adjudication in this federal habeas corpus case. Having fully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

# BACKGROUND

In May 2000, Petitioner was convicted of first degree murder of Noreassa Huck after a jury trial in the Fourth Judicial District Court in Ada County, Idaho. (State's

Lodging A-1, p.85.) Judgment of conviction was entered on June 15, 2000. (*Id.*, pp.88-91.) Petitioner received a unified life sentence with forty-five years fixed. (*Id.*)

Petitioner filed a direct appeal, alleging that the jury verdict was not supported by substantial evidence, and that the trial court's sentence was excessive. (State's Lodging B-1.) The Idaho Court of Appeals affirmed Petitioner's conviction and sentence in a published opinion, concluding there was substantial and competent evidence for the jury to find Petitioner guilty of first-degree murder, and finding that the trial court did not abuse its sentencing discretion. (State's Lodging B-4.) Petitioner filed a petition for review (State's Lodging, B-2), but on January 22, 2002, the Idaho Supreme Court denied Petitioner's petition for review and issued the Remittitur. (State's Lodgings B-7, B-8.)

More than seven years later, on May 22, 2009, Petitioner filed a petition and affidavit for postconviction relief in state district court, alleging ineffective assistance of trial counsel. (State's Lodging C-1, pp.4-63.) Petitioner readily acknowledged that his petition was untimely under Idaho law,[1] but argued that "not being schooled in law and its elements in Due Process" should excuse his untimely filing. (*Id.*, p.9.) The district court gave Petitioner notice of its intent to dismiss the postconviction petition because of his untimely filing and failure to allege a valid tolling exception. (*Id.*, pp.73-77, 94-96.) The district court also appointed counsel to assist Petitioner in determining whether any valid tolling exceptions applied. (*Id.*, pp.94-96.) Thereafter, Petitioner's newly appointed

---

[1] See Idaho Code Ann. § 19-4902 (West 2012) (an application for post-conviction relief must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.")

**MEMORANDUM DECISION AND ORDER - 2**

counsel filed a "Notice of Non-Filing" with the trial court, wherein counsel declined to file an amended petition on behalf of Petitioner because counsel could find no basis for equitable tolling. (*Id.*, pp.107-108.) On August 25, 2009, the district court dismissed Petitioner's petition for postconviction relief as untimely and failing to state any valid claims that would entitle him to relief. (*Id.*, pp.109-111.)

Petitioner appealed the district court's dismissal of his postconviction petition, and on September 3, 2009, the district court ordered the State Appellate Public Defender ("SAPD") to represent Petitioner in his appeal. (State's Lodging C-1, pp. 117-118.) However, on March 17, 2010, the SAPD filed a motion for leave to withdraw and to suspend the briefing schedule because it was unable to identify a viable issue for appeal. (State's Lodging D-12.) The Idaho Supreme Court granted SAPD's motion (State's Lodging D-15), so Petitioner continued his appeal pro se, contending that the district court failed to recognize Petitioner's constitutional rights (both state and federal) as a valid basis for equitable tolling. (State's Lodgings D-1, D-3.) The Idaho Court of Appeals rejected Petitioner's argument in an unpublished opinion dated November 30, 2010, and affirmed the dismissal of Petitioner's postconviction petition without reaching the merits of Petitioner's claims. (State's Lodging D-4.) The Idaho Supreme Court subsequently denied Petitioner's separate petitions for rehearing and review, and issued the Remittitur on January 25, 2011. (State's Lodgings D-9, D-10, D-11.)

Petitioner then filed a Petition for Writ of Habeas Corpus in this Court on April 21, 2011, commencing these proceedings. (Dkt. 1.) Petitioner made the following two claims:

**MEMORANDUM DECISION AND ORDER - 3**

(1) the Idaho postconviction statute of limitations violates his state and federal constitutional rights; and (2) ineffective assistance of trial counsel. (*Id.*, p.2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Chief United States Magistrate Judge Candy W. Dale preliminarily reviewed the Petition and on May 17, 2011, issued her Initial Review Order. (Dkt. 4.) Judge Dale determined that the first claim was not cognizable and would be dismissed in the final order because habeas corpus is not the proper avenue to address alleged errors in a state's postconviction review process. (Dkt. 4, pp.2-3.) As to the second and only remaining claim, Judge Dale permitted Petitioner to proceed to the next step in this habeas proceeding so he could show proper exhaustion of his state court remedies, or alternatively, a viable excuse for failure to do so. (*Id.*)

Pursuant to the terms of the Initial Review Order, Respondent filed a Motion for Summary Dismissal (Dkt. 9), and Petitioner filed his Response to Motion of Summary Dismissal Pursuant to: Initial Review Order; (6) (sic) (Dkt. 12) (hereinafter "Response"). Respondent then filed a Reply Brief in Support of Respondent's Motion for Summary Dismissal (Dkt. 13). On March 8, 2012, Petitioner filed a "Rebuttle [sic] to Motion of Respondents, Summary Dismissal Pursuant to Writ of Habeas" (Dkt. 14) (hereinafter "Rebuttal"), to which Respondent filed a Motion to Strike Petitioner's Rebuttal (Dkt. 15.)

**MEMORANDUM DECISION AND ORDER - 4**

Judge Dale has since reassigned the matter to the undersigned District Judge because not all parties had consented to a Magistrate Judge exercising jurisdiction under 28 U.S.C. § 636(c). (Dkt. 19.)

The Court has reviewed the motions, responses, and the record, and it is now prepared to issue its ruling.

## RESPONDENT'S MOTION TO STRIKE PETITIONER'S REBUTTAL

Respondent has filed a Motion to Strike Petitioner's Rebuttal because Petitioner failed to obtain leave of the Court to file such a pleading as required by the Court's Initial Review Order, and because such a pleading is not contemplated by the applicable rules. (Dkt. 15, p. 2.) Indeed, in its Initial Review Order the Court ordered the parties to file certain pleadings in this habeas proceeding with corresponding deadlines, and then further ordered that: "No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court." (Dkt. 4, p.9.) The Local Rules, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases do not specify or allow for the filing of a sur-reply or rebuttal to a motion for summary dismissal in a federal habeas case. The Court agrees that Petitioner filed his Rebuttal in violation of this Court's Order and that the applicable rules do not specify or allow for such a rebuttal, so Respondent's Motion to Strike will be granted.

**MEMORANDUM DECISION AND ORDER - 5**

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

Respondent filed a Motion for Summary Dismissal and requests that the Court dismiss the Petition because: (1) the Petition is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"); (2) Petitioner's first claim is not cognizable in a federal habeas corpus petition; and (3) Petitioner's second claim is procedurally defaulted. (Dkt. 9, p.2.)

**1. Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[2] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent.

---

[2] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct. 2166 (1991).

**2. Statute of Limitations**

    **A.** *Standard of Law*

The current Petition is governed by the provisions of the AEDPA, enacted in 1996. Under the AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event occurs on the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired. In addition, because the process of direct review includes the right to petition the United States Supreme Court for a writ of certiorari, the Ninth Circuit has held that a conviction is not final until the 90-day period for filing the writ of certiorari has expired, even if the petition for certiorari is not filed. *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is called "statutory tolling."

For statute of limitations purposes, a judgment becomes final when the Idaho Court of Appeals issued its remittitur, marking the expiration of the time for filing a petition for review with the Idaho Supreme Court. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a

**MEMORANDUM DECISION AND ORDER - 7**

federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418. In order to qualify for equitable tolling, the extraordinary circumstance must have caused Petitioner to be unable to file his federal petition in time. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, no. 3 (9th Cir. 1999). Ignorance of the law is not a basis for equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**B.** *Discussion*

Petitioner's judgment of conviction became final on January 22, 2002, when the Idaho Supreme Court denied his petition for review and issued the Remittitur. (State's Lodgings, B-7, B-8.) Petitioner's one year statute of limitations period began 90 days after that date, or on April 22, 2002, when the period for filing a petition for writ of certiorari expired. That means the limitations period expired April 22, 2003. Petitioner did not file his Petition until April 21, 2011, almost 8 years after the expiration of the limitations period. The Petition must be dismissed unless Petitioner has established that statutory or equitable tolling should apply.

**MEMORANDUM DECISION AND ORDER - 8**

The Court has carefully reviewed the record and pleadings in this matter and finds no basis for either tolling option. Statutory tolling is not available to Petitioner because he did not commence any postconviction proceedings until May 22, 2009, well after the AEDPA limitations period expired.[3] (State's Lodging C-1, p.4.) In addition, the postconviction petition was deemed untimely under applicable state law, thus disqualifying it as a "properly filed" petition that would entitle Petitioner to statutory tolling under 28 U.S.C. § 2244(d)(2).

Nor has Petitioner presented any facts to establish a basis for equitable tolling. Petitioner seemingly claims in his Response that equitable tolling should apply because he was "under psychological emotional stress, believing the Courts are extremely prejudiced against him, not knowing the process of or being schooled in law, indigent - not being able to hire an Attorney." (Dkt. 12, pp. 1-2.) Ignorance of the law, however, is not a basis for equitable tolling, *Raspberry*, 448 F.3d at 1154, and Petitioner failed to show or argue that his "psychological emotional stress" made it impossible for him to file his Petition on time. *See Spitsyn*, 345 F.3d at 799. In fact, Petitioner acknowledged in his Response that his 7 year delay in pursuing relief in his case resulted from a "jail house lawyer" encouraging him to do so, not because he was suddenly without psychological

---

[3] As previously stated in the Initial Review Order, once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. See *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

**MEMORANDUM DECISION AND ORDER - 9**

emotional stress. (Dkt. 12, p.2)

Petitioner's pleadings are otherwise devoid of any arguments or reasons demonstrating he was 1) "pursuing his rights diligently" in the 8 years between the expiration of the limitations period and the filing of his Petition; and 2) that some extraordinary circumstances caused Petitioner to be unable to file his Petition in time. *See Pace*, 544 U.S. at 418; *Spitsyn,* 345 F.3d at 799. Because Petitioner waited too long to file his Petition and failed to establish a sufficient reason for the delay, the Petition will be summarily dismissed with prejudice.

### 3. Petitioner's Additional Arguments Against Dismissal

Petitioner includes two additional arguments in his Response to Respondent's Motion for Summary Dismissal: 1) Petitioner is actually innocent; and 2) the AEDPA's one year statute of limitations violates the Suspension Clause of the United States Constitution, as well as other general constitutional rights of the Petitioner. (Dkt. 12, pp. 5-13.) The Court is not persuaded.

The Suspension Clause argument is without merit. *See*, *e.g.*, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the limitations period "is not a per se violation of the Suspension Clause" and "does not render federal habeas an inadequate or ineffective remedy"). It is true, however, that the Ninth Circuit Court of Appeals has recently held that a compelling showing of "actual innocence" can satisfy an equitable exception that would excuse a petitioner's failure to file his habeas petition in a timely manner. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011). But to qualify for

**MEMORANDUM DECISION AND ORDER - 10**

this exception, the petitioner has the burden "to produce sufficient proof that of his actual innocence to bring him 'within the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Id.* at 938. This means that the petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 938 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995). He must also establish that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See id.*

Petitioner has not proffered any new reliable evidence that would satisfy this demanding standard, as he seems to allege in a conclusory manner that he acted in self-defense. A habeas proceeding is not a proper forum in which to re-litigate the case that has already been tried. Instead, "[w]hen confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. 518, 539 (2006).

For these reasons, the Court finds Petitioner's additional arguments to be unavailing.

### 4. Respondent's Additional Arguments for Dismissal

Respondent's Motion includes two additional arguments to support summary dismissal of the Petition: 1) Petitioner's first claim that the state's postconviction statute of limitations violated his state and federal constitutional rights is not cognizable in a

**MEMORANDUM DECISION AND ORDER - 11**

federal habeas corpus petition; and 2) Petitioner's second claim of ineffective assistance of counsel is procedurally defaulted. (Dkt. 9-1, pp.8-15.) This Court agrees with Judge's Dale's conclusion in the Initial Review Order that the first claim challenges a state court postconviction review process that is not cognizable in a habeas corpus proceeding. (Dkt. 4, pp. 2-3.) The first claim is dismissed on the alternative basis that it is not cognizable.

Because the entire Petition is subject to dismissal as untimely, the Court finds it unnecessary to reach Respondent's procedural default argument as to Petitioner's second claim.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER - 12**

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Id.* When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed the Petition on procedural grounds, and the first claim has been alternatively dismissed on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement

**MEMORANDUM DECISION AND ORDER - 13**

to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Strike Petitioner's Rebuttal (Dkt. 15) is **GRANTED**.

2. Respondent's Motion for Summary Dismissal (Dkt. 9) is **GRANTED** and the Petition (Dkt. 1) is **DISMISSED** with prejudice.

3. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Memorandum Decision and Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

SO ORDERED.



DATED:  **September 26, 2012**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 15**